## 14529. CLARK COTTON CO. v. JONES.

STEPHENS, J. 1. Since title to property covered by a warehouse receipt which contains a provision to the effect that the property will be delivered to the holder of the receipt upon presentation of the receipt of the warehouseman is by a transfer of the receipt vested in the transferee, the receipt thus being quasi-negotiable, all stipulations therein which place obligations upon the warehouseman for the benefit of the owner of the property covered by the receipt inure to the benefit of any transferee who acquires title to the property by a transfer of the receipt. See, in this connection, *Citizens Banking Co.* v. *Peacock,* 103 *Ga.* 171, 180 (29 S. E. 752); *Hagan v.* Scottish Ins. Co., 186 U. S. 423, 426 (22 Sup. Ct. 862, 46 L. ed. 1229); Civil Code (1910), § 3528.

2. A provision in a warehouse receipt, covering cotton stored with the warehouseman, that the warehouseman "binds himself at all times to keep the cotton stored in its care insured for its full market value,

and to pay to the owner hereof the full market value of the cotton herein described to such an extent as it may be damaged by fire while in said company's care," constitutes a contract to insure with whomsoever may be the owner of the cotton as a transferee of the warehouse receipt. The warehouse receipt appearing to be an entire and complete contract, and the written contractual obligation by the warehouseman to insure the property covered by the receipt not being ambiguous, any custom in the community at variance therewith, such as that the warehouseman is not bound by such written contractual obligation unto a transferee of the warehouse receipt, nor is bound by such obligation unless the warehouse receipt is left in the warehouseman's possession, proof of which rests in parol, cannot become a part of the contract. This evidence was properly excluded, although the plaintiff's motion to strike the defendant's plea setting up such a custom as a defense was overruled. *Kelly* v. *Strouse,* 116 *Ga.* 872 (2*a*) (43 S. E. 280).

3. The contract evidenced by the warehouse receipt is not invalid upon the ground that it lacks a consideration, since the cotton is received by the warehouseman on the condition named in the receipt that the cotton is "to be stored and held subject at all reasonable times to inspection by the owner and delivered upon surrender of this receipt properly endorsed and payment of accrued charges," and the owner, by delivering the cotton and accepting the receipt, assents to this condition and therefore agrees to pay the warehouseman the storage charges in consideration of the warehouseman's promise to store the cotton and to keep it insured as provided in the receipt.

4. In a suit by the transferee against the warehouseman, to recover upon the warehouse receipt for the loss of the cotton by fire while in the possession of the warehouseman, the liability of the defendant warehouseman to the plaintiff, under the receipt, for a failure to keep the cotton insured, is not defeated by reason of the fact that the plaintiff has recovered a loan from an insurance company of a sum of money representing the amount of the damage to the cotton covered by the warehouse receipt, which loan was made to the plaintiff by virtue of the terms of an insurance policy carried by the plaintiff upon cotton belonging to the plaintiff, providing that the policy should not cover cotton for which any bailee may be liable, but that the insurer, upon proof of loss of cotton in possession of the bailee, would advance to the insured the amount of the damage to the cotton as a loan, repayable only to the extent of any recovery by the insured from the bailee. *Luckenbach* v. *McCahan,* 248 U. S. 139 (39 Sup. Ct. 53).

5. Under the above rulings the trial judge did not err in directing a verdict for the plaintiff in an amount admitted by the defendant as representing the value of the cotton destroyed, and since the verdict as directed and rendered was as a matter of law demanded, it was error for the trial judge's successor in office to grant a new trial to the defendant.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 14, 1924.

Action for breach of contract; from Dooly superior court—Judge Crum. March 15, 1923.

*Spalding, MacDougald & Sibley, Fulwood & Hargrett,* for plaintiff. *J. M. Busbee,* for defendant.