## NEW YORK LIFE INS. CO. v. BAKER.

Circuit Court of Appeals, Seventh Circuit.
May 25, 1929.

Rehearing Denied June 17, 1929.

No. 4130.

Bert Vandervelde, of Milwaukee, Wis., for appellant.

H. A. Sawyer, of Milwaukee, Wis., and M. J. Paul, of Berlin, Wis., for appellee.

Before ALSCHULER and PAGE, Circuit Judges, and LUSE, District Judge.

ALSCHULER, Circuit Judge. No contention was or is made, nor properly could be, that the first premium was not paid prior to the death. It is appellant's contention and defense that the insurance never became effective because the policy was never delivered to or received by the applicant in her lifetime, and it is this question, arising under the quite exceptional circumstances here presented, which must determine the rights of the parties.

The contract, as it was evidently understood by the company in preparing the policy, while apparently written upon an·ordinary life form, was issued for the brief term of one month, ending July 15. The fixing between the parties of June 15 to be the date as of which the policy was to take effect was evidently not a haphazard· matter. It was first fixed at June 1, but when delay of about a week developed in the application, through error in its first signature, the beginning date of the policy was extended to June 15. This may be regarded as indicating the company's estimate of the time which, in its experience, would be required to determine whether or not it would accept the risk. The payment as made and accepted purported to be for coverage for one month from June 15; and while it cannot be said that the company was bound before manifesting its acceptance of the risk, even though it was some days after June 15, when once its acceptance is manifested it should not lightly be concluded that thereafter the coverage would be yet further delayed, and the time for which the premium was paid still further permitted to expire, before any consideration moves to the

applicant through the attaching of the insurance. If here the insurance had not attached before the time of the death, then two-fifths of the entire period for which the policy was written and paid for would have expired without any benefit or consideration therefor moving to the applicant.

We are of the opinion that where a policy of this nature was contemplated, with so brief an initial term, the written specification of June 15 as the commencement date is so far inconsistent with the printed provisions respecting delivery of the policy as to neutralize any of such provisions which would prevent the attachment of the policy as an obligation of the insurer, for any time after it had manifested its acceptance of the risk by signing and mailing the policy. Hagan v. Scottish Union & National Ins. Co., 186 U. S. 423, 22 S. Ct. 862, 46 L. Ed. 1229. If in these circumstances this were not so, then the provision of the policy for its effectiveness as of June 15 would have been of no practical value to the applicant.

■■ On the question of delivery it is practically conceded that unconditional delivery to the agent for delivery to the applicant would be sufficient delivery to comply with the terms of the agreement that the insurance shall not take effect until the policy is delivered to and received by the applicant. The contention is vigorously made that it was not unconditionally delivered to the agent, but that the stated directions to the agent limited the agent's authority to deliver until they were complied with. The conditions stated in the printed letter accompanying the policy, whereunder the policy was not to be delivered to the applicant, are: "If any change whatever has occurred in the health or occupation of the applicant, or if he has consulted or been treated by a physician since the date of his medical examination." There was also a provision for delivery on collection of the premium, but, the premium having theretofore been paid, this has no bearing.

What is said respecting change of health or of occupation of the applicant appears for the first time in the transaction in this letter of the company to the agent. The application contains nothing upon this subject, and the applicant was not bound by instructions to the agent which raise conditions that did not enter into the contract. If the company otherwise accepted the risk, the premium being paid, it could not thereafter escape the binding force of the contract by reason alone of change in the health or the occupation of the applicant.

■ Apart from the delivery of policy and payment of premium, the only condition for which the application made provision was consultation of or treatment by a physician since the medical examination. If it appeared that since the medical examination the applicant consulted or was treated by a physician, this would be a matter of defense, to be so alleged, and to be established by evidence. But no such defense has been made, and the record is barren of any evidence to establish it. With the premium paid, and with no fact to support the only other contractual ground for withholding delivery of the policy after acceptance of the risk, the mailing of this policy to the agent for delivery to applicant must be regarded as unconditional.

We believe the case fairly falls within the authorities holding that there is sufficient delivery of the policy to the insured in the acceptance of the risk as manifested by the company's preparing and executing and mailing the policy to its agent for delivery to the applicant for the insurance, notwithstanding the application provides that the policy shall not be effective until delivered to and received by the applicant. N. Y. Life Ins. Co. v. Rutherford (C. C. A.) 284 F. 707; Unterharnscheidt v. Missouri State Life Ins. Co., 160 Iowa, 223, 138 N. W. 459, 45 L. R. A. (N. S.) 743, and the citations to be found in those opinions; Cooley's Briefs on Insurance, vol. 1, 640, and citations therein.

At the time the policy was executed and deposited in the mail, there was absolutely no condition left to be performed by the applicant—not even any obligation on her part to supply proof that she had not consulted or been treated by a physician since her examination; and she had every right to expect that the insurance would be effective from a time not later than such definite manifestation of the insurer's acceptance of the risk as here appears.

The judgment is affirmed.