## DEUTSCHLE v. WILSON et al. *
### No. 8709.

Circuit Court of Appeals, Eighth Circuit.
March 8, 1930.

Merrill Gilmore, of Ottumwa, Iowa (K. E. Willcockson and Edwin Willcockson, both of Sigourney, Iowa, and Edwin G. Moon, of Ottumwa, Iowa, on the brief), for appellant.

Charles C. Heninger, of Sigourney, Iowa, and Walter McNett, of Ottumwa, Iowa, for appellee.

*Rehearing denied May 17, 1930.

Before STONE and BOOTH, Circuit Judges, and REEVES, District Judge.

REEVES, District Judge.

Appellant sued the receiver of the First National Bank of Hedrick, Iowa, and others on account of a deposit, which he says he made in said bank prior to receivership, to wit, October 24, 1924.

The court below sustained a motion to strike from the files the whole of appellant's substituted petition. This was done upon the several grounds that such pleading was but a repetition of a former petition, parts of which had been stricken out on motion, and that said substituted petition contained no averments of material facts showing a cause of action against appellees.

Appellant elected to stand on his pleading, and upon the dismissal of the case appealed to this court.

The substituted petition was in two counts. The first count contained averments to the effect that appellant deposited in said bank the sum of $1,677.33, and received in return therefor a certificate of deposit in words and figures as follows, to wit:

"Hedrick, Iowa, Oct. 24, 1924   No. 17003.

"Peter Deutschle has deposited in
                Savings Department
                First National Bank

Hedrick State Savings Bank $1,677.33
      72–641
                Savings Department
                First National Bank

Sixteen Hundred Seventy-seven Dollars Thirty-three Cents Dollars-payable to the order of self March 1, 1925, after date on the return of this certificate properly endorsed with interest at the rate of 4 per cent per annum.          W. W. Young, Cashier.
      "Interest ceases at Maturity
      "Not subject to check."

It will be noted that the words "Savings Department First National Bank" appear twice in said certificate. It is alleged that they were "stamped in the instrument." There is a further averment "that the words 'Savings Department First National Bank,' where the same first appear on the original writing, were stamped upon and over a part of the printed words 'Hedrick State Savings Bank.' "

After asserting presentation of his claim to the receiver and denial of liability, appellant prayed for judgment on said certificate for the face amount thereof, with interest at

4 per cent. until maturity and thereafter for interest computed at 6 per cent.

The second count of the petition contains substantially the same averments. It is supplemented, however, with allegations as to the circumstances and preliminary negotiations in respect of the deposit. In these particulars appellant alleged that on the day he made the deposit he went into the banking house of the said First National Bank for that purpose; that the inscriptions on the premises occupied by said bank indicated that said bank was the sole occupant, and that there were no inscriptions or indicia of other occupancy; that he did not know that the Hedrick State Savings Bank, a state institution, occupied the same quarters; that he had a conversation with W. W. Young, who was then cashier of said First National Bank; that plaintiff then stated to said cashier that he desired to make deposit of his funds in said First National Bank; and that he delivered the amount of said deposit to the said W. W. Young, who thereupon executed and delivered to him the instrument sued on.

There is a further allegation of fraudulent concealment of the fact that the Hedrick State Savings Bank occupied the same quarters.

On the second count appellant prayed judgment as on the first.

An examination of the former petition, with motions directed against it, the several court orders, and the memorandum opinion of the court, indicates that the action of the court was predicated upon the theory that said petition, as well as the one under review, failed to state a cause of action in favor of the appellant and against the appellees. Under these circumstances this court will look only to the question of the sufficiency of the substituted petition and thus determine whether the court erred in ordering it stricken from the files.

1. Obviously, the suit is upon a certificate of deposit alleged to have been issued by the First National Bank to appellant before insolvency. In the first count of his petition the appellant pleads the words and figures of said certificate. The arrangement of the words, as they appear in the petition, would inevitably cause doubt as to whether the deposit was made in the "Savings Department of the First National Bank" or "Hedrick State Savings Bank." This is true because the copy of the instrument as set out in the petition, standing alone, would not convey the same impression and yield the same inference as would the original instrument.

Accordingly, appellant apparently sought to clarify this ambiguity with an averment that the words "Savings Department First National Bank" were stamped upon and over a part of the printed words "Hedrick State Savings Bank." The object of such an allegation was undoubtedly to warrant the inference that said certificate was the obligation of appellee receiver's trust, as elsewhere asserted. Such allegations were proper.

"It is a well-settled rule of law that where part of a contract is written and part is printed, and the written and printed parts are apparently inconsistent or there is reasonable doubt as to the sense and meaning of the whole, the words in writing will control the construction of the contract." 6 R. C. L. § 237, p. 847.

The reason for this rule is stated in McReynolds v. Mortgage & Acceptance Corporation, 56 App. D. C. 342, 13 F.(2d) 313, loc. cit. 314, as follows:

"The reason why greater effect is given to the written than to the printed part of a contract, if they are inconsistent, is that the written words are the immediate language and terms selected by the parties themselves for the expression of their meaning, while the printed form is intended for general use, without reference to particular objects and aims." Hagan v. Scottish Ins. Co., 186 U S. 423, 22 S. Ct. 862, 46 L. Ed. 1229; C. C. Mengel & Bro. Co. v. Handy Chocolate Co. (C. C. A.) 10 F.(2d) 293; Lipschitz v. Napa Fruit Co. (C. C. A.) 223 F. 698, loc. cit. 704.

It is immaterial whether such part be written by hand or typewritten, or stamped. 13 C. J. § 498, p. 536 and 537; The Addison E. Bullard (C. C. A.) 258 F. 180, loc. cit. 182.

It was proper to insert these allegations to clarify the doubt otherwise patent in the face of the certificate. It would follow that the first count of appellant's petition was sufficient to state a cause of action.

2. On the second count appellant undertook to plead the circumstances under which the deposit was made, including the preliminary negotiations, in order to shed further light upon this dubious document. This was justified under the rule clearly established that in case of doubt all the negotions between the parties may be considered in arriving at the true intent of the parties. Ryan v. Ohmer (C. C. A.) 244 F. 31, loc. cit. 34.

3. It is contended by appellees that the action of the court on a former petition was such as to become in its nature a final judg-

ment, and that the appeal should have been prosecuted from that judgment.

We have examined the record, and find that the court, upon an inspection of the original certificate, expressed an opinion to the effect that appellant could not recover, for the reason that it clearly appeared that the instrument sued on was an obligation of the Hedrick State Savings Bank and not appellee receiver's trust. This opinion was aside from the questions presented and, moreover, at the time said order was made, appellant was granted leave to file the substituted petition under review. Within the time thus allowed, such substituted petition was filed. The court, upon further motion, ordered that pleading stricken from the files, and from such order appellant in due time took his appeal.

For the reasons above stated, the judgment of the lower court should be reversed and remanded, with directions to proceed in conformity with the views herein expressed.