## THE JOHN RUSSELL.

### No. 109.

Circuit Court of Appeals, Second Circuit.

Jan. 8, 1934.

Macklin, Brown, Lenahan & Speer, of New York City (Horace L. Cheyney, of New York City, of counsel), for appellant.

Harry D. Thirkield, of New York City, for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The appellant owns the barge John Russell, and on December 29, 1926, it was chartered through the respondent Taylor's Towing & Transportation Line to the state of New York. The charter was arranged by telephone and provided that the owner would receive a per diem for hire and that he should pay the insurance on cargo to be for the benefit of "whoever it may concern." The barge, empty, was taken to Brooklyn, where a cargo of wheat was loaded and later loaded on a steamship. It was found that some of the wheat was damaged through a leak in the side of the barge. In dry dock it was found that a guard iron on the lower deck strake on the starboard side was dented. The strake was split and there was a

leak in it which resulted in damage to the cargo. It was caused by heavy external contact. Insurance was obtained on the cargo by the Bureau of Canals of the State "in the name of the State of New York and/or Canadian Cooperative Wheat Producers, Ltd. for account of whom it may concern, loss, if any, payable to the Canadian Cooperative Wheat Producers, Ltd." After the loss the underwriters advanced to the appellee the amount of the loss upon a "loan receipt" and it sues to recover the amount of the loss.

By amendment of the answer interposed by the appellant, a defense asserts that the state of New York insured the cargo through the broker, who paid the premiums, and that the claim, if any, for cargo damage was presented to the underwriters and payment for the loss was made to the cargo owner.

■ It was part of the contract of the charter of the barge that it should be insured for the account of whom it may concern and that the barge owner should pay the premiums. A representative of the Canal Bureau who made the contract for the carriage of the wheat insured the cargo and the premium for that insurance was paid by the appellant in accordance with the contract of charter. Insurance carried for the account of "whom it may concern" covers any one having an insurable interest in the insured property at the time of the happening of the loss. Hagan v. Scottish Ins. Co., 186 U. S. 423, 22 S. Ct. 862, 46 L. Ed. 1229. It is not essential that the person covered by the insurance should be known to the one procuring the insurance or even to the underwriter at the time, if the insurance is carried for the account of "whom it may concern." The insurance, paid for by the appellant, was intended to and did protect him against loss to the cargo. The appellant had an insurable interest in the cargo. His right to insure was not merely against his liability as carrier, but he had an insurable interest in the whole cargo and he need not specify the nature of his interest. Phœnix Ins. Co. v. Erie & Western Co., 117 U. S. 312, 6 S. Ct. 750, 29 L. Ed. 873; Munich Assurance Co. v. Dodwell & Co., 128 F. 410 (C. C. A. 9). In the Phœnix Case, the court said at page 323 of 117 U. S., 6 S. Ct. 750, 755: "So a common carrier, a warehouseman, or a wharfinger, whether liable by law or custom to the same extent as an insurer, or only for his own negligence, may, in order to protect himself against his own responsibility, as well as to secure his lien, cause the goods in his custody to be insured to their full value,

and the policy need not specify the nature of his interest" (citing authorities).

■■ A carrier has such an interest in the goods entrusted to its care that it may insure not only its interest and liability but the whole value of the goods, and upon so doing it may collect the whole value and, after reimbursing itself for a special loss, hold the surplus for the owners. Couch's Cyclopedia of Insurance Law, vol. 2, § 366. The fact that the appellant paid for the insurance is persuasive that he intended to protect the boat against cargo damage. Nicholson Transit Co. v. Nicholson Universal S. S. Co., 60 F.(2d) 90 (C. C. A. 6).

■ It matters not that in payment of the insurance a loan receipt was taken. The loss was paid, and while the underwriter became subrogated to the rights of the cargo owner, the real party in interest, still the underwriter by its policy issued protected the appellant against damage to the cargo and there can be no recovery either by the underwriter or the cargo owner.

Since the defense based on the insurance is sufficient, it is unnecessary to consider the question of the proof of appellant's responsibility for the leak in the barge.

Decree reversed.