## CHATEAUGAY ORE & IRON CO. v. EASTERN TRANSP. CO.

### No. 14479.

District Court, E. D. New York.
Oct. 10, 1935.

Platow, Lyon & Stebbins, of New York City, for libelant.

Foley & Martin, of New York City, for respondent.

MOSCOWITZ, District Judge.

Motion for reargument granted. Libelant's exceptions from the eighteenth to the twenty-second articles inclusive of respondent's answer and respondent's interrogatories are overruled upon the authority of The John Russell (C.C.A.2) 68 F.(2d) 901, 902 which holds that "insurance carried for the account of 'whom it may concern' covers any one having an insurable interest in the insured property at the time of the happening of the loss," and that a barge owner has "an insurable interest in the cargo." The fact that the barge owner paid for the insurance was held to be persuasive that he intended to protect the boat against cargo damage, and inasmuch as the barge owner had an insurable interest in the cargo, the underwriter, having protected him by its policy issued for the account of "whom it may concern," was barred from bringing suit against the barge owner for damage sustained to the cargo.

Under the nineteenth to twenty-second articles of the answer herein, respondent alleges that it caused the cargo to be insured and paid the cost of the insurance which was issued for the account of "whom it may concern." As barge owner, respondent had an insurable interest in the cargo, and having such insurable interest, it was covered by the insurance on the cargo carried for the account of "whom it may concern." The allegations thereof must be held to be sufficient. The fact that in The John Russell, supra, there was an agreement between shipper and carrier that the insurance was to be carried for the account of "whom it may concern" does not distinguish the case. The liability of the barge owner to the underwriter was dependent upon the insurance contract and not upon the charter agreement.

Settle order accordingly.