## BURDINES, Inc. v. PAN–ATLANTIC STEAMSHIP CORP.

### No. 14038.

United States Court of Appeals, Fifth Circuit.

Nov. 12, 1952.

George J. Baya, Miami, Fla., for appellant.

D. P. S. Paul, Miami, Fla., for appellee.

Before BORAH, STRUM and RIVES, Circuit Judges.

STRUM, Circuit Judge.

This appeal is from a decree below dismissing a libel in admiralty brought by appellant against appellee to recover for alleged short delivery in a shipment of merchandise consigned by a shipper in New York City to libellant at Miami, Florida, aboard a steamship operated by respondent.

The shipper tendered to respondent with the merchandise a printed bill of lading, prepared by the shipper, containing a provision that suits against the carrier could be instituted "within two years and one day" after notice that the carrier had disallowed a claim of loss. This was not the form of bill of lading ordinarily used by respondent.

Before accepting the goods for shipment, and before executing the bill of lading, the respondent, using a rubber stamp in the presence of the shipper, superimposed in red ink on the face of the bill of lading, over the printed limitation provision, the following:

"Clause Paramount: This bill of lading shall have effect subject to the provisions of the Carriage of Goods By Sea Act of the United States approved April 16, 1936, which shall be deemed to be incorporated herein, and nothing herein contained shall be deemed a surrender by the carrier of any of its rights or immunities or an increase of any of its responsibilities or liabilities under said Act. If any term of this bill of lading be repugnant to said Act, to any extent, such term shall be void to that extent, but no further."

With this clause thus stamped on its face, the bill of lading was executed by the carrier and delivered to the shipper. The Carriage of Goods by Sea Act contains a provision, 46 U.S.C.A. § 1303(6), requiring suits of this character to be brought within one year after the date when the goods in question were delivered, or should have been delivered. Suit was brought within the two year period, but not within one year.

The sole question here is, which limitation controls. The District Judge held that the one year statute applied, and dismissed the libel for that reason. Appellant contends that by executing the bill of lading and using it as a receipt for the goods, respondent adopted the printed bill of lading, thereby waiving the one year limitation, and that the Clause Paramount stamped thereon created an ambiguity which should be resolved against respondent.

The libel was properly dismissed. Before accepting the shipment, and before issuing the bill of lading, respondent in the presence of the shipper effectually rejected the proposed two year limitation and substituted therefor the limitation provided by the Carriage of Goods by Sea Act, which is one year. The circumstances leave no room for the claim either that

the shipper was misled, or that the respondent waived the one year limitation.

 It is a well established general rule that when a contract is partly printed and partly written, the writing controls. This rule extends to the use of a rubber stamp as a means of writing. N. Y. Life Ins. Co. v. Hiatt, 9 Cir., 140 F.2d 752, 168 A.L.R. 551, text 569; Hagan .v. Scottish Union & National Ins. Co., 186 U.S. 423, 428, 22 S.Ct. 862, 46 L.Ed. 1229, 1232; Thomas v. Taggart, 209 U.S. 385, 28 S.Ct. 519, 52 L. Ed. 845; Deutschle v. Wilson, 8 Cir., 39 F.2d 406. Compare Allen v. Turner, 5 Cir., 258 F. 180.

The circumstances make it abundantly clear that, as expressly authorized by 46 U.S.C.A. § 1312, the Carriage of Goods by Sea Act was effectually incorporated in this contract of carriage, and that the provisions of that Act prevail over the printed provisions of the bill of lading where the two are in conflict. The one year limitation prescribed by the statute clearly controls. Standard Oil Co. of Cal. v. United States, D.C., 59 F.Supp. 100, affirmed 9 Cir., 156 F.2d 312; The Vale Royal, D.C., 51 F.Supp. 412, 424. See also Shackman v. Cunard, D.C., 31 F.Supp. 948.

Affirmed.