**BLUEWATERS, INC., Petitioner,**

v.

**Graham Cochrane BOAG and All Other Underwriters Subscribing Lloyd's Policy No. 53202 and the Orion Insurance Company, Ltd., and All Other Companies Subscribing the Institute of London Underwriters Companies Combined Policy No. H5853604 and the Steamship Mutual Underwriting Association, Ltd., Respondents.**

**Civ. A. No. 60–882.**

United States District Court
D. Massachusetts.

Jan. 10, 1963.

Solomon Sandler, Gloucester, Mass., for plaintiff.

Herbert C. Splane, Kneeland & Splane, Boston, Mass., for defendants.

JULIAN, District Judge.

The plaintiff brought this petition pursuant to 28 U.S.C. § 2201 for a judgment declaring that it is entitled under certain policies of marine insurance to be reimbursed by the defendants for counsel fees incurred by the plaintiff in the successful defense of an admiralty action brought against the plaintiff for damage allegedly caused by the plaintiff's vessel to another vessel in a collision at sea.

The parties filed the following "Statement of Agreed Facts" and stipulated that it contains all the material facts in the case:

"One Alfonso Mineo acted as agent for the petitioner in contracting for insurance on the petitioner's F/V BLUEWATERS. After discussion with one Enos, an insurance broker, he ordered hull insurance for total loss only of the insured vessel to be insured by the respondent, Institute of London Underwriters, at a premium rate of 6.75%. He was offered standard hull insurance at 10½% but chose 'total loss only' because it was cheaper. Said Mineo also contracted with one Marshall, insurance broker, for protection and indemnity insurance in respect of the said F/V BLUEWATERS.

"Thereupon the respondent, Institute of London Underwriters, issued two hull policies covering the F/V BLUEWATERS, valued at $75,000.-00, MA32112(A) for $42,700.00 and MA32112(B) for $32,300.00. (These policies are Exhibits B and C.)

"The respondent, The Steamship Mutual Underwriting Association, Ltd., issued a 'P. & I.' policy, covering the petitioner from stated risks, for $300,000.00, any one accident or occurrence. (This policy is Exhibit A.)

"During the policies period the F/V BLUEWATERS and the F/V SUNLIGHT collided. The petitioner notified the respondents of the said collision claim through the said brokers, Enos and Marshall, and both respondents denied liability under the policies. The petitioner at no time asked either of the respondents to approve of the incurrence of costs and expenses, nor did the respondents give any approval or enter into the defense of the claim at any time.

"The F/V BLUEWATERS was libeled in this Court by the F/V SUNLIGHT claiming collision damages of approximately $7,500.00. The petitioner employed its own proctor in defense of the libel. A decree of no liability on the part of the F/V BLUEWATERS was entered. Said proctor has presented a bill for services in the amount of $3,500.00, part of which remains unpaid.

"It is stipulated between the parties that the riders attached to hull policies MA32112(A) and MA32112 (B) are, except for the red typewritten words 'IN SO FAR AS APPLICABLE', the form of the standard form of policy on hull, machinery, etc., issued by the American Marine Insurance Syndicate (including the four-fourths Running Down Clause)."

It was further stipulated by the parties that the amount of the attorneys' fees "is to be determined after the issue of liability is decided."

Exhibit A mentioned in the statement of facts is a so-called "Protection and Indemnity" (P. & I.) policy of marine insurance which "protected and indemnified" the plaintiff for

"Loss of or damage to any vessel or craft or to the freight thereof or property thereon, caused by collision with the vessel named herein, in so far as such liability would not be covered by insurance under the standard form of policy on hull, machinery, etc., issued by the American Marine Insurance Syndicate (including the four-fourths Running Down Clause)."

Exhibits B and C, referred to in the statement of agreed facts as hull policies, are two policies of marine insurance containing identical provisions except in respect to the proportion of the risk assumed by the underwriters. The following statements appear on the first page of Exhibits B and C (words not underscored are part of the printed policy form; those

underscored were inserted by typewriter):

"The said Ship, &c., Goods and Merchandises, &c., for so much as concerns the Assured by Agreement between the Assured and the Assurers in this Policy, are and shall be *$32,300* [$42,700 in Exhibit C] *on HULL AND MACHINERY etc. valued $75,000. Including the conditions of the AMERICAN HULL FORM as attached in so far as applicable but this insurance is only against Total and/or Constructive Total Loss of Vessel including Salvage, Salvage Charges and Expenses incurred under the Sue and Labour Clause. Subject to Service of Suit Clause (U.S.A.) as attached. Finance Clause (Home National Bank of Brockton) as attached. Warranted operating Atlantic waters not North of Eastport, Maine nor South of Norfolk, Virginia, or held covered at a rate to be arranged.*"

Attached to Exhibits B and C is a printed form bearing the legend, "American Institute Time (Hulls) December, 1955," referred to in the statement of agreed facts as the American hull form. At the head of this form in plainly legible, underlined, typewritten, capital letters appear the words, "IN SO FAR AS APPLICABLE." Some of the numerous provisions contained in this form do in fact apply to total or constructive total loss of the insured vessel to salvage, and to salvage expenses incurred under the sue and labor clause; while others do not. It also contains the following printed collision clause:

"And it is further agreed that if the Vessel hereby insured shall come into collision with any other Ship or Vessel and the Assured or the Charterers or the Surety in consequence of the insured Vessel being at fault shall become liable to pay and shall pay by way of damages to any other person or persons any sum or sums in respect of such collision, we, the Underwriters will pay the As-

sured, or the Charterers, or the Surety, whichever shall have paid, such proportion of such sum or sums so paid as our respective subscriptions hereto bear to the value of the Vessel hereby insured, provided always that our liability in respect to any one such collision shall not exceed our proportionate part of the value of the Vessel hereby insured. And in cases where the liability of the Vessel has been contested, or proceedings have been taken to limit liability, with the consent in writing of a majority (in amount) of Hull Underwriters, we will also pay a like proportion of the costs which the Assured or Charterers shall thereby incur, or be compelled to pay; * * * "

The parties have agreed that except for the typewritten words "In So Far As Applicable" the American hull form attached to Exhibits B and C is "the standard form of policy on hull, machinery etc."

The plaintiff contends that the above-quoted collision clause is an obligation incurred by the insurers wholly separate from the insurance provided by the policies against actual or constructive total loss of the insured vessel and is not rendered inoperative by the typewritten limitation of the losses covered, and by the typewritten words "In So Far As Applicable" which appear above the provisions of the American hull form.

■ I do not agree. Each hull policy constitutes an integrated agreement. All the obligations assumed by the underwriters in each policy are assumed in consideration of a single premium. Each policy is to be construed as a single instrument and the extent of its coverage determined from the instrument as a whole.

■ It is well established that if there is any inconsistency between the written and printed portions of a policy, the written language prevails. Hagan v. Scottish Union & National Insurance Co., 1902, 186 U.S. 423, 22 S.Ct. 862, 46 L.Ed. 1229.

■ The insurance provided by each hull policy is expressly limited by the typewritten language to cover actual or constructive total loss of the insured vessel including salvage, salvage charges and expenses incurred under the sue and labor clause. I take the words "In So Far As Applicable" to mean that only those printed provisions in the attached American hull form which are relevant to that limited coverage are deemed to be part of the insurance contract. Accordingly, since the printed collision clause in the American hull form has no relevance to the stated coverage, it is to be excluded from the contract. This construction is confirmed by the fact that the plaintiff's agent "ordered hull insurance for total loss only of the insured vessel * * * at a premium rate of 6.75%," that "he was offered standard hull insurance at 10½% but chose 'total loss only' because it was cheaper." The collision clause in the American hull form attached to Exhibits B and C is a part of standard hull insurance. This is clearly inferable from the statement of agreed facts.

The plaintiff, therefore, is not entitled to judgment under the hull policies.

■ Under the collision clause of the P. & I. policy (Exhibit A) the insurer is liable for so much of the shipowner's personal liability arising out of a collision as exceeds the maximum values which *could* have been covered by a standard hull policy. Landry v. S. S. Mutual Underwriting Ass'n, 177 F.Supp. 142, 1960 A.M.C. 54 (D.C.Mass.). It is plain on the facts of this case that the plaintiff could have covered itself against the loss here in question by means of the collision clause in a standard form of hull policy. It follows that the plaintiff is not entitled to recover under the P. & I. policy.

Judgment will be entered declaring that the plaintiff is not entitled to recover against any of the defendants.