**GRAIN PROCESSING CORPORATION and Glenmore Distilleries Company, Appellees,**

v.

**CONTINENTAL INSURANCE CO., Appellant.**

**No. 83–1433.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 11, 1983.

Decided Feb. 1, 1984.

Geoffrey G. Gilbert, Thomas J. Smedinghoff, McBride & Baker, Chicago, Ill., for appellees; Robert V.P. Waterman, Davenport, Iowa, of counsel.

Warren J. Marwedel, Dennis Minichello, Brian H. Boyle, Chicago, Ill., for appellant; Haskell & Perrin, Chicago, Ill., John E. Orrell, Jr., West Des Moines, Iowa, of counsel.

Before BRIGHT, JOHN R. GIBSON and FAGG, Circuit Judges.

FAGG, Circuit Judge.

Continental Insurance Company (Continental) appeals from the district court's grant of summary judgment in favor of Grain Processing Corporation (GPC) and Glenmore Distilleries Company (Glenmore). Continental claims the district court committed error in finding that it was liable under a policy of marine cargo insurance it issued to GPC. Finding, as did the district

court, that Glenmore has an insurable interest covered under the policy, we affirm.

This dispute involves the interpretation of a contract of insurance issued to GPC, a merchant dealing in grain alcohol, by Continental. In April of 1981, GPC contracted to sell a substantial quantity of grain alcohol to Glenmore. In May, the cargo was shipped F.O.B. Muscatine, its point of origin, to Owensboro, Kentucky, its point of destination. While en route to Owensboro, by way of the Mississippi River, the barge carrying the alcohol was destroyed. After Continental denied liability for the losses suffered, GPC and Glenmore instituted this diversity action in district court.

There is no question that the policy issued to GPC specifically covers the type of loss sustained, i.e., loss resulting from the transportation of alcohol on the Mississippi River. The question, rather, is whether GPC or Glenmore has an insurable interest mandating coverage under the specific terms of the policy. Continental maintains that GPC cannot recover under the policy because the cargo was shipped F.O.B. from Muscatine. Risk of loss having passed to Glenmore once the cargo was loaded, Continental claims that GPC did not have an insurable interest at the time the accident occurred. Continental further argues that although Glenmore had an insurable interest in the lost cargo, it was not an insured party under the specific terms of the policy. The district court held that Glenmore has an insurable interest to which the policy extends coverage. We agree; thus, it is unnecessary to decide whether GPC, too, has an insurable interest covered under the policy.

■ Continental rightfully contends that although paragraph 1 of the policy provides for the possibility of extending coverage to other than the named insured, i.e., "1. For account of whom it may concern.", GPC, the policyholder, must intend that the unnamed party be covered. *Hagan v. Scottish Insurance Co.,* 186 U.S. 423, 429–31, 22 S.Ct. 862, 864–865, 46 L.Ed. 1229 (1902); *Hooper v. Robinson,* 98 U.S. 528, 536–37, 25 L.Ed. 219 (1878); *Atlas Assurance Co. v. Harper, Robinson Shipping Co.,*

508 F.2d 1381, 1385–86 (9th Cir.1975); *New Orleans & South American S.S. Co. v. W.R. Grace & Co.,* 26 F.2d 967, 969 (2d Cir.1928), cert. denied, 278 U.S. 636, 49 S.Ct. 33, 73 L.Ed. 552 (1928). Continental argues that 1) the lack of any provision respecting insurance in the contract of sale; 2) the fact that the cargo was shipped F.O.B. rather than, for example, C.I.F. (meaning the price includes a lump sum cost of the goods and the insurance and freight to the named destination); and 3) the fact that in declaring the shipment as required by paragraph 22 of the policy, GPC declared for itself rather than for Glenmore, makes clear that GPC had no intention of extending coverage of the policy to Glenmore. We cannot agree.

■ We believe, as did the district court, that the language of the policy itself evinces GPC's intent to cover a consignee with an insurable interest in the cargo. The policy was issued for the "account of whom it may concern." Paragraph 17 of the policy provides that "[t]his insurance to be of the same force and effect as if issued separately to each individual owner, shipper or consignee." Because Glenmore is the consignee of the cargo, and has an insurable interest in it, Glenmore is a concerned party within the meaning of paragraph 1 and is clearly covered under the terms of the policy.

Continental contends that in order for a particular shipment to be covered under the policy, there must be compliance with the provisions in paragraph 3(A). Paragraph 3(A) provides in relevant part:

3(A) To cover all shipments not otherwise insured * * * made by *this Assured,* and/or their subsidiary or affiliated companies or by others for their account, in which they have an insurable interest or on which they, prior to attachment of risk, receive written instructions to insure, in consideration of premium as agreed. (Emphasis added.)

Continental takes the position that Glenmore does not fit within the coverage of 3(A) because it is not the "Assured" or a subsidiary or affiliated company. Conti-

nental also argues that paragraph 17 does not create coverage, but rather makes clear "that for each owner, shipper or consignee named as an assured or intended to be insured as per paragraph 3, the policy will provide full protection for their interest." Although Continental concedes that any manifestation of intent by GPC that Glenmore be covered would ensure coverage for Glenmore under the policy, it contends that paragraph 17 does not serve as evidence of GPC's manifestation of intent to insure Glenmore but rather is included in the policy for the purpose of clarifying paragraph 3(A). We cannot agree.

Under Continental's interpretation of paragraph 17, the provision accomplishes no more than saying that the interests of those who are covered under paragraph 3(A) are really covered. Such a superfluous interpretation of paragraph 17 will not withstand analysis. In reading the policy as a whole, we reiterate our view that paragraph 17 evinces GPC's intent to cover a consignee with an insurable interest in the cargo.

■ Finally, we attach no significance to the fact that GPC rather than Glenmore declared the shipment to Continental's agent as required by paragraph 22 of the policy. The policy requires the declaration of shipment to be made by the "Assured" and Continental concedes that the reference is to GPC and not Glenmore. Clearly, the purpose of paragraph 22 is to provide notice to Continental of shipments for which liability may attach and whether notice was provided by GPC or Glenmore is of no consequence to the matter of coverage effected by the policy itself.

In conclusion, we have no difficulty holding Continental liable under its policy of marine cargo insurance provided to GPC. Continental accepted a premium to provide coverage for the precise type of loss which occurred. The policy specifically undertakes to extend coverage to individual consignees. Glenmore, being an individual consignee with an insurable interest in the cargo, is entitled to recovery under the policy.

Affirmed.