RABINOWITZ v. HURWITZ-MINTZ FUR-
NITURE CO.

(March 23, 1931. Opinion and Decree.)

W. W. Heard, of New Orleans, attorney for plaintiff, appellee.

Cahn & Cahn, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J.    Plaintiff sues for $300 alleged to be due him under a certain written agreement which he entered into with defendant from which we quote the following:

"This agreement made the **thirtieth day of June** in the year Nineteen Hundred and **Twenty-eight**, by and between **Hurwitz-Mintz Furniture Co.**, hereinafter called the Owner, and **Hyman Rabinowitz, Civil Engineer**, hereinafter called the Architect, WITNESSETH, that where the Owner intends **to make alterations and repairs to building #211-15 Royal Street.**"

The contract was drawn on a printed form commonly used by architects. The words which are in bold type were inserted in handwriting.

Defendant resists plaintiff's claim upon the ground that he was not qualified as an architect and, therefore, prohibited from practicing that profession under the terms of Act No. 231 of 1910, and, in the alternative, should this defense not prevail, it is averred that plaintiff failed in the execution of his contract; that his plans were defective and that he was incompetent, with the result that defendant was put to an expense greater than the sum demanded in order to have the work properly executed.

There was judgment below in plaintiff's favor as prayed for and defendant has appealed.

It is admitted that plaintiff was not qualified in accordance with the provisions of Act No. 231 of 1910 and, that if the services which plaintiff contracted to render under his agreement with defendant may be considered to be architectural services, he cannot succeed in this suit in view of the prohibition contained in section 1 of the act referred to, to the effect that:

"No person excepting those already engaged under existing laws in the practice of architecture shall practice the said calling or profession within the State of Louisiana, unless such person shall possess all the qualifications required by this Act. An architect under the terms of this Act shall be one who professes to practice his profession or who advertises and holds himself out as such."

But, it is insisted that plaintiff in this case neither held himself out nor professed to practice architecture; that what he undertook to do was within the province of a civil engineer; that his use of an architectural form in the printed portion of which he is referred to as an architect is controlled and overcome by the written part of the contract wherein he expressly styles himself "civil engineer," under a familiar rule of construction to the effect that in documents partly printed and partly written, the written portion prevails over the printed portion. Hagen v. Scottish Union & National Insurance Co., 186 U. S. 423, 22 S. Ct. 862, 864, 46 L. Ed. 1229; Alex F. Dreyfous Company, Inc., v. Breen (Wife of Friedman), 13 La. App. 479, 126 So. 264.

We are of the opinion that plaintiff's use of the printed architectural form would not amount to a holding out as an architect or a professing to practice that occupation. The determining factor of the case on this point is whether, as a matter of fact, the work which the plaintiff undertook to do was within the sphere of the architect and without that of the engineer.

In the Encyclopedia Brittanica we find the following with respect to the profession of engineering:

"Specialization has brought about separate grouping of those interested in mechanical, electrical, mining, etc. engineering. Underlying all groups is the work of the civil engineer, whose field particularly is that of structures. Foundations, simple or extremely complicated, are within his realm. He designs and supervises the construction of bridges and great buildings, tunnels, dams, reservoirs and aqueducts."

From the same work we excerpt the following definition of an architect:

"One who, skilled in the art of architecture designs buildings, determining the disposition of both their interior spaces and exterior masses, together with the structural embellishments of each, and generally supervises their erection."

The contract in this case involved the preparation of plans and specifications for the construction of certain structural steel I-beams in connection with the alteration and repair of a building owned by defendant. Plaintiff testified that that character of work was commonly undertaken by civil engineers and he is supported in that statement by a witness by the name of J. W. Montgomery, who, for thirty years, has been employed by the Lukens Steel Company which concern furnished the steel used in the alteration of defendant's building. Plaintiff's testimony in this regard is also supported by the fact that when a controversy arose between himself and defendant resulting in his being supplanted by someone else in the supervision of the work, the party chosen as his successor

was a construction engineer by the name of Belden.

In view of the definitions which we have quoted and the testimony in the record it is not at all clear whether plaintiff's undertaking under the contract was within the field of architecture or engineering or partook of both. It would appear that these two professions overlap and that in some instances particularly where structural work is contemplated it might as well be undertaken by an engineer as an architect.

Our conclusion is that the first point of the defense is not well taken.

In so far as the manner in which plaintiff executed his contract is concerned we, like the judge of the trial court, are of the opinion that there is no showing of inefficiency or incompetency which would justify the defendant in abrogating its contract. There is some testimony in the record to the effect that there was difficulty in locating plaintiff over the phone upon occasions when an officer of the defendant corporation desired to communicate with him concerning the progress of the work, but it is entirely overshadowed by the preponderance of testimony to the effect that his plans were properly drawn, the work carefully supervised and the plaintiff almost constantly on the job. Without going into greater detail concerning the rather extensive evidence on this point we conclude that it is without merit.

For the reasons herein assigned the judgment appealed from is affirmed.

———

JANVIER, J. (dissenting). Plaintiff Rabinowitz admits that he is not a licensed architect. Thus he is prohibited by Act No. 231 of 1910 from undertaking architectural work.

That the work which he here undertook and for which he now seeks remuneration is architectural is best evidenced by the fact that the contract under which he obtained the employment was executed on a standard form of the American Institute of Architects, prepared for use where a contract is entered into between an owner and "an architect."

I am well convinced that one who prepares plans for and supervises the remodeling of the entire front of a store building thus undertakes architectural work. That is what Rabinowitz did here.

The fact that the plans required certain structural steel work to be done did not deprive the whole work of its architectural character. In the organization of a corporation a notarial charter is necessary. Does this fact render the work of organizing and advising the corporation notarial rather than legal? Or does it give to one who is a notary and not an attorney the right to give legal advice to the corporation?

It cannot be denied that considerable difficulty was encountered in the carrying out of the work. It was to eliminate as far as possible just such difficulties that the statute of 1910 was enacted.

Architectural work should be done by architects and it is a plain violation of the statute for a civil engineer to undertake it. His styling himself a "civil engineer" does not change the character of the work.

I respectfully dissent.