## SMOOTH v. METROPOLITAN LIFE INS. CO.*
### No. 15018.

Court of Appeal of Louisiana. Orleans.
Oct. 29, 1934.

---

*Rehearing denied November 14, 1934. Writ of certiorari denied January 7, 1935.

Henry J. Wyman, of New Orleans, for appellant.

Spencer, Gidiere, Phelps & Dunbar and Wood Brown, all of New Orleans, for appellee.

JANVIER, Judge.

James Smooth, alleging himself to be the beneficiary named in two policies of industrial life insurance, issued by Metropolitan Life Insurance Company on the life of Virginia Dutton, and alleging that the said insured has died and that all necessary proof has been furnished and all requirements of the policies complied with, seeks judgment against the said company for $390.81, the amount admittedly payable under the said policies to the person rightfully entitled thereto.

Defendant resists the claim of Smooth on two grounds. It contends that under the stipulations in the policies he cannot maintain an action and it denies that all requirements and conditions precedent have been complied with.

The matter was submitted under an agreed stipulation of fact, and, from a judgment for defendant, Smooth has appealed.

The two policies are identical in form. In the printed portion of each there appear two paragraphs to both of which we direct our attention. The first reads as follows:

"The Metropolitan Life Insurance Company * * * does further agree, subject to the conditions aforesaid, if the insured shall die prior to the date of the maturity of the endowment to pay upon receipt of proofs of the death of the insured made in the manner, to the extent and upon the blanks required herein and upon surrender of this policy and evidence of premium payment hereunder, the amount stipulated in said schedule to the executor or administrator of the insured, unless payment be made under the provisions of the next succeeding paragraph."

The second of the said paragraphs, commonly known as the facility of payment clause, provides that:

"The Company may make any payment or grant any nonforfeiture privilege provided herein to the Insured, husband or wife, or any relative by blood or connection by marriage of the Insured, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the Insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this Policy have been satisfied."

[1] It will be noticed that under the first paragraph the proceeds of each policy are made payable in the event of death "to the executor or administrator of the insured." Therefore, Smooth, the present plaintiff, being neither the executor nor the administrator of the estate of the insured, manifestly cannot. maintain this action unless given the right to do so in some other part of the policy. Nor does the facility of payment clause create in any individual the right to sue for the proceeds of the policy. Crump v. Metropolitan Life Insurance Co. (La. App.) 156 So. 35; Dorsey v. Metropolitan Life Insurance Co. (La. App.) 145 So. 304. That clause is designed merely to afford to the insurer protection in the event payment is made to one of the persons designated therein even should it later appear that some one else was in fact possessed of a superior right to the proceeds.

But Smooth relies upon an indorsement which appears on each of the policies, not printed therein, but apparently stamped thereon. It reads as follows:

"Subject to the provisions of the policy authorizing payment at the Company's option to other persons, James Smooth, grandson,

has been designated beneficiary to receive death benefit only."

The contention of plaintiff is that this indorsement names him as beneficiary. The insurer, on the other hand, maintains that the proceeds of the policies are payable to the executor or administrator of the estate of the insured and that the only effect of the indorsement is to place Smooth among those persons referred to in the facility of payment clause with the result that the insurer may make payment to him if it sees fit, but that it is under no legal duty to do so.

In making this contention, great reliance is placed upon a decision rendered by the Court of Appeal of Alabama in the matter of Allbright v. Metropolitan Life Ins. Co., 157 So. 488, decided May 22, 1934, and in which that court was concerned with an insurance policy almost, though not quite, identical in its printed terms and in indorsement with those now involved here.

There the first two paragraphs (1) providing for the payment to the administrator or executor and (2) providing for the facility of payment were the same as those before us, but the indorsement read as follows:

"Under the provisions of the policy authorizing payment at the Company's option, to other person, Ethel Allbright, cousin, has been designated beneficiary to recover death benefit only."

At first glance it may be thought that that indorsement is the same in effect as the one before us. We note, however, that in the Allbright Case the opening words of the indorsement were "under the provisions of the policy." We can well see that the court, in interpreting the words "under the provisions of the policy," was justified in adopting the view that those words had the effect of specifically including Ethel Allbright among those persons referred to in the facility of payment clause.

The indorsement, after referring to the right of the company to make payment "at the company's option to other persons"—in other words in accordance with the facility of payment clause—provided that under that clause Ethel Allbright should be added to or included among those persons or groups of persons, payment to any one of whom would effect a discharge of the insurer's obligation. But here the words are considerably different. The clause constitutes a plain designation of James Smooth as beneficiary not "under" the right given the company by the facility of payment clause, but "subject to" the condition stipulated for in that clause, that James Smooth should be actually designated beneficiary, but that this designation should not deprive the company of its rights under the facility of payment clause.

In the Allbright policy the original agreement that payment should be made to the executor or administrator, subject to the facility of payment clause, was not changed by the inclusion in that clause of one other designated named person, whereas here the clause appears to us to specifically name and designate a person as beneficiary, not by placing him within and among those mentioned in the clause, but, on the contrary, by giving him the right to claim the proceeds, not as a person referred to in the clause, but as a specifically named beneficiary, though subject to the stipulation that payment by the company to some one named or referred to in the clause should constitute a discharge of the company's obligation.

It is true that this view renders it necessary that we interpret the policy as giving the right to the named beneficiary to claim the proceeds even against the executor or administrator and it is true that it thus is made to appear that the policy provides for payment to two, perhaps, totally different persons, the administrator or executor on the one hand, and the named beneficiary, James Smooth, on the other.

But the provision contained in the indorsement was very plainly inserted after the form of the policy was printed. It was partially filled in in ink and, under familiar rules applicable to the interpretation of contracts containing antagonistic and irreconcilable provisions, would take precedence over and would have the effect of eliminating from the policy the provision for payment to the executor or administrator so long as the named beneficiary is in existence and may be heard to present his claim. Rabinowitz v. Hurwitz-Mintz Furniture Co., 19 La. App. 812, 133 So. 498; Hagan v. Scottish Union & National Ins. Co., 186 U. S. 423, 22 S. Ct. 862, 46 L. Ed. 1229; Alex F. Dreyfus Co., Inc., v. Breen (Wife of Friedman), 13 La. App. 479, 126 So. 264.

There can be no doubt of the good faith of the insurer in making this defense and its readiness and willingness to make payment to the proper person is very evident, and it is also true that should some other court in some other jurisdiction adopt a different view, there may be danger that the insurer will be called upon to make a second payment to an execu-

tor or administrator of the estate of the deceased. But such claim can be presented only on the ground that we have misconstrued the indorsement and that that indorsement placed James Smooth among the persons named in the facility of payment clause. If he should be placed within that group, then payment made to him in good faith would effect a discharge of the insurer's liability. Surely payment under a final judgment of a court of last resort is a payment made in good faith. Therefore, in any event, payment made to Smooth should afford the insurer full protection.

Furthermore, if there is ambiguity and if, as a result thereof, danger results to the insurer, we can only say that the policy was prepared by the insurer itself and that it could have avoided this danger by more careful choice of language.

■■ The defense that Smooth cannot recover because he has not shown a compliance with certain conditions precedent stipulated for in the policy, is based on the contention that he has not shown a payment of premiums; that he has not surrendered the policies; and that he has not filed with the company proof of the death of the insured.

It is admitted that all premiums have been received by the insurer so payment cannot be withheld on this account.

That the policies have not been surrendered is of no importance. Life insurance policies are not negotiable instruments; rights thereunder do not pass by transfer of the policies themselves, and since, we hold that, Smooth is entitled to claim the proceeds, no further protection is necessary than that the insurer show that payment has been paid in accordance with our decree. No rights exist in any one else merely by reason of physical possession of the policies.

Nor can payment be refused because of the alleged failure of Smooth to furnish formal proof of death. All information which can be contained in a formal proof of death is admittedly within the possession of defendant since the stipulation of fact shows that proof of death was furnished by the other claimant.

Though compliance with such requirements may be insisted upon where it appears that an insurer has a real necessity for the information stipulated for, the failure to comply will not be permitted to defeat the ends of justice where it is manifest that no good purpose would be served by requiring a strict compliance.

■ We do not believe that interest is due except from date of judicial demand. Smooth's failure to comply with the requirement as to furnishing proof of death relieves the company of the duty of making payment to him until judicial demand was made in the form of this suit.

As to the penalties which are claimed by plaintiff, we do not believe that they are due. We have been shown no law which would justify the imposition of a penalty under the facts shown here and counsel for plaintiff has not even discussed the matter in his brief.

The judgment appealed from is annulled, avoided, and reversed and there is now judgment in favor of plaintiff, James Smooth, and against the defendant, Metropolitan Life Insurance Company, in the sum of $390.81 with legal interest from judicial demand and for all costs.

Reversed.