## WHITE v. METROPOLITAN LIFE INS. CO.

### No. 16062.

Court of Appeal of Louisiana. Orleans.
April 20, 1936.

For prior opinion, see 166 So. 655.

Loys Charbonnet and E. B. Charbonnet, both of New Orleans, for appellant.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for appellee.

PER CURIAM.

Defendant has petitioned for a rehearing, suggesting that our original decree is erroneous and finding fault with our opinion in three particulars.

First it maintains that we erred in declaring that, in the absence or proof showing that claim has been duly filed under such a policy as is involved here, the first payment should be held to be due when judicial demand is made.

Our attention is called now to the fact that the policy contains a provision requiring the filing of due proof of loss as a condition precedent to recovery and, also, a further provision to the effect that the first payment shall not be due until "three months after receipt of such proof. * * * "

In Smooth v. Metropolitan Life Ins. Co., 157 So. 298, 301, in considering such a policy provision, we said: "Compliance with such requirements may be insisted upon where it appears that an insurer has a real necessity for the information stipulated for.".

We therefore express grave doubt as to the soundness of the view set forth in our original opinion to the effect that the proof required by the policy may be substituted by judicial demand.

However, it is unnecessary to again consider the question now because counsel have, by agreement, filed a stipulation to the effect that due proof of loss and claim for benefits under the policy sued on were received by defendant insurer on January 4, 1932. Consequently, it is evident that, if there is liability under the policy, the first payment became due three months after the claim was filed, to wit, on April 4, 1932.

Defendant further complains that we were in error in reaching the conclusion we did on the merits of this controversy. Defendant states that we held that: "An individual with one leg is, solely on account of this disability, totally and permanently disabled so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit."

The above quotation is taken from plaintiff's application for rehearing, and not from our opinion, and, as a matter of fact, we did not so hold. We realize it may well be that in some cases a laborer who has lost a leg may, because of his education or prior training in other fields, be able to earn a livelihood even though one of his legs has been removed, but we held that the facts of each case must be inquired into before it can be determined whether or not the particular individual involved may engage in some other gainful occupation and may perform work for compensation or profit, and we held that, in the instant case, the facts as shown by the record did not warrant the conclusion that Coleman White can engage in work of any kind for compensation or profit.

Defendant further contends that, even though we should reach the conclusion to which we have come after a read-

ing of the record, we should nevertheless remand the case so that it, defendant, may be afforded an opportunity to introduce further evidence touching upon the ability of Coleman White to engage in some other occupation. Defendant's contention is that it was, in effect, prevented from offering such proof by the fact that the court below rendered the judgment which it did in defendant's favor without requiring that defendant itself adduce proof on that question.

We find, however, that the record does contain evidence touching upon the fact that Coleman White is an illiterate, untutored negro, and it is our belief that, if defendant had found available any evidence to the contrary, it should have offered it subject to its objection that it was irrelevant under the pleadings. We say this because of the fact that, although the petition did not allege that plaintiff was incapable of engaging in any other occupation but relied solely on the allegation that his leg had been amputated, nevertheless, evidence was admitted concerning White's lack of education and lack of training in any trade or other gainful craft or occupation. In view of the fact that no contrary evidence was introduced, although plaintiff's evidence touches on the question, we reach the conclusion that it would not be proper to remand the matter for further evidence at this time.

For the reasons given, it is ordered, adjudged, and decreed that the original decree herein be, and it is, amended so as to read as follows:

"It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed, and that there now be judgment in favor of plaintiff, Coleman White, and against the defendant, Metropolitan Life Insurance Company, in the sum of $51.75, with legal interest thereon from April 4, 1932, and for $51.75 additional on the 4th day of each subsequent month until thirty payments, with legal interest from the maturity of each, shall have been made, and for all costs."

It is further ordered that the said decree be, and it is made, the final judgment of this court.

It is further ordered that the application for rehearing be, and it is, refused.

Original decree amended; rehearing refused.