SCHMIDT, Respondent, vs. BLANKSCHIEN and another, Defendants: SUNSHINE DAIRY COMPANY, Garnishee Defendant and Appellant.

*September 9—October 8, 1940.*

*H. H. Brown* of Union Grove, attorney, and *Wm. F. Quick* of Milwaukee of counsel, for the appellant.

*Ken Traeger* of Gresham, for the respondent.

FAIRCHILD, J. Considerable confusion seems to have attended the various steps taken by the plaintiff in the garnishee action. The trial court with some degree of justification complains of the confusion. No matter who is to blame, the result has been that the real question in issue has not been tried. In its findings of fact the trial court found the Sunshine Dairy Company indebted to the Seneca Cheese Factory, a *de facto* corporation, and in the memorandum opinion it is stated "In the absence of a right on the part of Bernstein to make collection of the amount due to Seneca Cheese Factory on the grounds of his being either a broker or attorney, there exists no right on the part of a creditor to collect money due to his debtor."

No appeal was taken by any of the parties from the ruling that the Seneca Cheese Factory was a *de facto* corporation or because of the failure to grant judgment in the principal action against Wilhelmi and Blankschien. Whether the Seneca Cheese Factory was a *de facto* corporation or a partnership, there is no practical difference. Business was being done under the name and style of Seneca Cheese Factory and Fred Wilhelmi was the general manager. The concern was financially embarrassed and Wilhelmi appealed to Bernstein, an attorney, for assistance. Dealings between Bernstein and Wilhelmi commenced in July of 1938. In December Bernstein placed $475 in cash in Wilhelmi's hands. Thereafter Bernstein insisted upon the sale of cream to the Sunshine Dairy Company. The money had been advanced by the 5th or 10th of December, 1938. Bernstein later learned that the indebtedness of the concern was greater than he had thought, and that there were a number of un-

paid or outstanding checks after the $475 he advanced had been paid out. He testified that he made this discovery after the defendant in the principal action began taking cream to the Sunshine Dairy Company. He also testified: "I did not intend to grab that money at the time the first load was delivered. I knew at all times the check would be payable to me." Having become convinced before the final delivery on December 27th that the cheese factory would not be a paying venture, he evidently decided to protect himself by collecting and retaining the money due from the Sunshine Dairy Company. He did collect and retain it.

We are not called upon to determine whether the appropriation of the money by Bernstein might have constituted a preference had the other creditors availed themselves of proceedings in bankruptcy, nor are we deciding whether Bernstein was justified in pursuing the course he did. He is not a party to this action. In this case the real questions are:

(1) Did Wilhelmi authorize Bernstein to make the collection?

(2) Did Wilhelmi ratify the payment so as to bring him within the rule of the following:

*Senger v. Malloy,* 153 Wis. 245, 141 N. W. 6; *Francis H. Leggett & Co. v. West Salem C. Co.* 155 Wis. 462, 144 N. W. 969; *Walter v. Four Wheel Drive Auto Co.* 213 Wis. 559, 252 N. W. 346; 1 Restatement, Agency, p. 234, § 94; *Depot Realty Syndicate v. Enterprise Brewing Co.* 87 Or. 560, 170 Pac. 294, 171 Pac. 223.

(3) Is the plaintiff prevented from compelling the Sunshine Dairy Company to make a second payment for the cream purchased?

The question of ratification was not tried and no findings thereon were made.

Sales made to the Sunshine Dairy Company were the result of negotiations carried on by Bernstein. Bernstein

completed the contract, arranging for the delivery, the price, and the time of payment. He was present each time deliveries were made. Bernstein, although not an officer of the Sunshine Dairy Company, at times did some legal work for it, and is a relative of some of the officers of that company.

While agreeing with the trial court that the evidence does not sustain a defense based on apparent authority or that Bernstein was a broker, still we feel it raises the question of ratification suggested above, and the case must be decided upon the legal effect of Wilhelmi's conduct as to ratification and consent.

As to the question raised by appellant concerning the failure of the plaintiff seasonably to take issue with the answer of the garnishee defendant and the granting of an extension of time to file a reply, we are of the opinion that this related to a matter of practice and the interests of the parties were properly protected by the trial court. The motion for relief was addressed to the discretion of the trial court and no error appears to have been made.

*By the Court.*—Judgment reversed, and cause remanded for a new trial on the issues pointed out in the opinion.