## LE BLANC et al. v. AMERICAN EMPLOYERS' INS. CO.
### No. 11600.

Circuit Court of Appeals, Fifth Circuit.

June 14, 1946.

Fred G. Benton, John Fred Odom, and Wilson B. Holcombe, all of Baton Rouge, La., for appellants.

Edward Rightor and W. H. Sellers, both of New Orleans, La., for appellee.

Before McCORD, WALLER, and LEE, Circuit Judges.

McCORD, Circuit Judge.

Paul James LeBlanc and Edna Conway LeBlanc brought this suit to recover damages for the death of their son, William Conway LeBlanc.

The complaint alleges that William Conway LeBlanc was killed while flying a plane owned by the Louisiana State University, that the proximate cause of the death of deceased was the negligence of Louisiana State University in failing to inspect and maintain in a reasonably safe condition the aircraft in which deceased was killed. The complaint further alleges that the Louisiana State University was protected against public liability by a policy of insurance issued by the American Employers' Insurance Company.

The defendant, American Employers' Insurance Company, filed a motion to dismiss, contending that the policy issued to the University did not cover the accident. The motion to dismiss was sustained.

The suit was brought directly against the defendant as insurer, as authorized by Louisiana law. Dart's Louisiana General Statutes, Sec. 4248, Act No. 55 of 1930, § 2. The sole question for our determination is whether the policy sued upon protected the University Flying School from liability under the facts of this case.

The policy provided, subject to the limits of liability exclusions, conditions and other terms of the policy, that the insurer agreed:

"To pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of service, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, other than passengers, caused by accident and arising out of the ownership, maintenance or use of the aircraft."

Item 7 of the Declaration of the policy provides that the aircraft should be operated only by Instructor pilots in the employ of the insured having commercial pilot certificates issued by the Civil Aeronautics Authority and pilots approved by them who are certificated by the Civil Aeronautics Authority to operate the aircraft.

However, a rider attached to the policy provided:

"It is agreed that such insurance as is afforded by the policy applies subject to the following provisions;

"1. Purposes of Use and Pilots Approved. The insurance applies only while the aircraft is operated:

"(a) by a person named in the Schedule of Students attached to this policy;

"(b) by a flying instructor holding a commercial pilot's certificate of competency with the rating of instructor for flight instruction, which certificate is valid and current and approved by the Civil Aeronautics Board or its successor;

"(c) by an inspector of the Civil Aeronautics Board or its successors;

"for purposes incidental to and in accordance with the requirements of the Civilian Pilot Training Program."

It is undisputed that the deceased was not one of the pilots approved in the rider, nor was the aircraft operated for purposes incidental to and in accordance with the requirements of the Civilian Pilot Training Program. Moreover, if we concede that the deceased was covered by other provisions of the policy, a comparison will disclose that they are in direct conflict with the provisions of the rider which limits the coverage to pilots and to purposes named therein. In such a case the rider must pre-

vail. Corporation of Roman Catholic Church v. Royal Ins. Co., 158 La. 601, 104 So. 383; Smooth v. Metropolitan Life Ins. Co., La.App., 157 So. 298; Aetna Ins. Co. v. Houston Oil & Transport Co., 5 Cir., 49 F.2d 121.

We are of opinion that the facts of this case do not bring the loss within the coverage of the policy. The judgment of dismissal must therefore be affirmed.