**NEW YORK CAS. CO. v. LEWELLEN et al.**

No. 14156.

United States Court of Appeals
Eighth Circuit.

Oct. 30, 1950.

Robert A. Brown, Jr., St. Joseph, Mo. (Brown, Douglas & Brown, St. Joseph, Mo., on the brief), for appellant.

Lewis F. Randolph, St. Joseph, Mo. (Price Shoemaker, St. Joseph, Mo., on the brief), for appellee, Richard Stallard.

Before GARDNER, Chief Judge, and WOODROUGH and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

The appellant, New York Casualty Company, issued its policy of automobile liability insurance to one John I. Sutton as the named insured, in which it agreed under Coverages A and B to pay on behalf of the insured all sums which the insured should become obligated to pay by reason of liability imposed by law for damage for bodily injuries caused by accident arising out of the ownership, maintenance, or operation of a certain Studebaker truck, and to defend any action against insured asserting such liability, the limit of appellant's liability under Coverage A being $15,000 and under Coverage B, $5,000.

The policy of insurance contained the usual omnibus clause: "The unqualified word 'insured' wherever used in coverages A and B * * * includes the named insured and * * * also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured. * * *"

With respect to Coverages A and B the policy provides: (1) that any person who had secured a judgment in an action against the insured should be entitled to recover under the policy to the extent of the insurance afforded by it; and (2) that the insurance afforded by the policy should comply with the provisions of the motor vehicle financial responsibility law of any State applicable thereto to the extent of the coverage and limits of liability required by such law. The policy of insurance is a Missouri contract. The Motor Vehicle Safety Responsibility Act of Missouri provides that all policies of automobile liability insurance issued pursuant to the Act shall "insure the person named therein and any other person using or responsible for the use of said motor vehicle * * * with the express or implied permission of said insured." 18 Mo.R.S.A. § 8470.29.

While the policy was in force a collision occurred between the Studebaker truck driven by Lewellen, an employee of the named insured, and another motor vehicle driven by Stallard. Stallard brought an action in a Missouri State Court against the named insured and Lewellen to recover $25,000 for injuries sustained by him in the collision.

Appellant brought this action in the Federal District Court against Lewellen and Stallard under the Declaratory Judgment Act, 28 U.S.C.A. § 2201. Appellant alleged that at the time of the collision Lewellen was not driving the truck covered by the policy of insurance with the permission or with the knowledge or consent of the named insured, Sutton, and that it was not obligated to defend the action brought by Stallard against Lewellen or to pay any judgment in the action in favor of Stallard and against Lewellen. It asked a declaration to that effect, alleging an actual existing controversy between appellant and each of the defendants in the action, Lewellen and Stallard, because of Lewellen's demand that appellant defend the action against him and pay any judgment which Stallard might recover in it.

Lewellen did not answer the complaint nor appear in the action as a party. Stallard answered, admitting the issuance and terms of the policy as alleged, and asserting that at the time of the collision involved in the action in the State court against Lewellen the Studebaker covered by the policy was being operated by Lewellen with the consent and permission of the named insured, and that Lewellen was covered by the policy. On trial in the District Court without a jury the court found that Lewellen at the time of the collision was driving the Studebaker truck with the named insured's consent. This appeal is from the judgment of the District Court denying appellant's petition for the requested declaration.

█ We conclude that the pleadings were sufficient to show an actual controversy between appellant and both Lewellen and Stallard within the jurisdiction of the District Court. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 274, 61 S.Ct. 510, 85 L.Ed. 826; Columbian Nat. Life Ins. Co. v. Foulke, 8 Cir., 89 F.2d 261; U. S. Fidelity & Guaranty Co. v. Pierson, 8 Cir., 97 F.2d 560; Western Casualty & Surety Co. v. Beverforden, 8 Cir., 93 F.2d 166.

The facts are undisputed. The named insured, Sutton, is a construction contractor. At the time of the accident and for some time prior thereto Lewellen was employed by Sutton as a general foreman or supervisor. He had Sutton's permission to drive the Studebaker truck covered by the policy of insurance from the scene of the construction work to his home after the close of the day's work, to keep the truck at his home at night, and to drive it back to the place of work in the morning. Sutton testified that Lewellen was an efficient and experienced employee, and that it was customary in the construction business to furnish an automobile for the use of supervisors for transportation to and from their place of work. Lewellen was not required to follow any prescribed route driving between his home and the construction work, nor was he limited as to the time occupied in going back and forth. He had Sutton's permission to stop while driving between his home and work for the purpose of attending business errands of his own. Sutton testified that it was the policy of his firm that the employees should not "drive any of the equipment or trucks when they were drinking." The rule required an employee who took a drink while driving a firm truck to park the vehicle and notify Sutton. Lewellen was advised of this rule prior to the accident.

On the day of the accident Lewellen was driving the Studebaker truck on his way home from work. His route took him through the City of St. Joseph, where he met his wife and remained with her about three hours. At some time while in St. Joseph Lewellen and his wife visited a bar where they purchased two bottles of beer. Lewellen's testimony was that he drank one of the bottles and half of the other. The accident occurred shortly after Lewellen left St. Joseph on his way home.

On this evidence appellant contends that Lewellen was not within the coverage of the policy as an insured because there was a deviation in the matter of time from the permission granted him for the operation of the truck; and because at the time of the accident Lewellen, having stopped to drink a bottle of beer, was driving the truck in violation of the express instructions of the named insured.

894

We are unable to agree with either of appellant's contentions. Appellant concedes that the majority rule in cases of this character is that a slight deviation from permitted use does not destroy the coverage of the insurance policy. See Annotation, 5 A.L.R.2d 600. At the time of the accident Lewellen was driving the truck from his place of work to his home with the express permission of his employer. He was not required to follow any particular route and he had his employer's authority to stop en route for matters of personal business. In either case he was not limited as to time. On the undisputed evidence there was no deviation from Lewellen's express authority for the use of the truck either as to route or as to time.

The testimony of Sutton with reference to the rule of his firm concerning the use of firm equipment by its employees while drinking seems on its face to apply to such use on the business of the firm; but, assuming its application to cases where an employee was driving a firm automobile on his own business with the permission of his employer, we agree with the trial court that the violation of such a rule is not sufficient to terminate automatically the employer's express permission for the actual use of the vehicle at the time an accident occurs. Compare Hartford Accident & Indemnity Co. v. Collins, 5 Cir., 96 F.2d 83, 84; Traders & General Ins. Co. v. Powell, 8 Cir., 177 F.2d 660.

This case is ruled by Missouri law. The closest Missouri case on the point at issue points to the conclusion we have reached. Rainwater v. Wallace, Mo.App., 169 S.W.2d 450, 456, affirmed 351 Mo. 1044, 174 S.W.2d 835, 838, cited on the question of minor deviations from the use permitted in 5 A.L.R.2d 641. By its express terms the policy incorporated the provisions of the Motor Vehicle Safety Responsibility Act of Missouri, noted above. The Act represents the public policy of the State, its purpose being the protection of the public from injury or damage by the operation of motor vehicles upon the public highways, and points to a liberal interpretation of the coverages of the policy in the present case. Jordan v. Shelby Mut. Plate Glass & Casualty Co., 4 Cir., 142 F.2d 52, 57. We are not convinced that the conclusion reached by a Missouri district judge concerning this question of Missouri law is erroneous. Russell v. Turner, 8 Cir., 148 F.2d 562.

The judgment is affirmed.