**FARMERS INS. EXCHANGE**

v.

**LEDESMA et al.**

**No. 4807.**

United States Court of Appeals,
Tenth Circuit.

July 10, 1954.

Rehearing Denied Aug. 7, 1954.

James T. Paulantis, Albuquerque, New Mexico (E. C. Iden and B. G. Johnson, Albuquerque, N. M., were with him on the brief), for appellant.

Lewis R. Sutin, Albuquerque, N. M. (Irwin S. Moise, Albuquerque, N. M., was with him on the brief), for appellees.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

This is an appeal from a judgment rendered against the garnishee in an action originally instituted to recover damages for personal injuries arising out of a traffic accident occurring on the highway.

George Isdonas owned a certain automobile and Farmers Insurance Exchange issued to him a liability insurance policy covering it. The policy was issued in New Mexico, and it provides among other things that the company shall pay on behalf of the insured all sums which he shall become legally obligated to pay as damages because of bodily injury caused by accident and arising out of the use of the automobile; provides that the word "insured" shall include any person while using the automobile with the permission of the named insured; provides that the policy shall apply only to accidents which occur while the automobile is within the United States, its territories or possessions, Canada, or Newfoundland; and provides that the insurance afforded by the policy for bodily injury or property damage liability shall comply with the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable with respect to any such liability arising out of the use of the automobile to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in the policy. By endorsement or rider attached to the policy, it is provided that the insurance shall not apply while the automobile is being operated outside the limits of any established military or naval reservation unless it is being operated by the named insured or spouse, or by a person employed by a garage or service station in connection with repairing and movements incidental to service and repair thereof, or by any other qualified operator while accompanied by the named insured or spouse.

While the policy was in force and effect, William E. Carter was operating the automobile for his own use and purposes from Santa Fe to Albuquerque, New Mexico. He was operating it with the express consent of Isdonas, and Isdonas was not present. The automobile was involved in a traffic accident with another automobile in which Theresa Ledesma and Loretta Ledesma were riding. Theresa Ledesma and Loretta Ledesma instituted this action against Carter to recover damages for personal injuries suffered in the accident. Judgment was rendered in favor of each plaintiff. The judgment not having been paid, plaintiffs obtained a writ of garnishment against the insurance company. By answer the garnishee denied liability. Plaintiffs filed an answer controverting the answer of the garnishee. In such traverse, plaintiffs pleaded that at the time of the accident, the defendant Carter was operating the automobile; that the policy was in force and effect; and that under the policy the garnishee was liable to plaintiffs for the amount of the judgment previously rendered against the defendant Carter. The material facts were stipulated; the court entered judgment against the garnishee; and the garnishee appealed. For convenience, continued reference will be made to the parties as plaintiffs and garnishee, respectively.

 The first contention urged for reversal of the judgment is that the court erred in denying the motion to discharge the garnishee for the reason that plaintiffs failed to traverse the answer of the garnishee within twenty days after the filing of such answer. Although plaintiffs had failed to traverse the answer of the garnishee within twenty days after the filing of such answer, the court entered an order denying the motion and extending until five days after entry of such order the time within which to file a traverse; and the traverse was filed within the extended period. Section 22-217, New Mexico Statutes Annotated 1941, provides that should it appear from the answer of the garnishee that he is not indebted to the defendant and was not so indebted when the writ was served upon him, and that he has not in his possession any of the effects of the defendant and had not when the writ was served, and should the answer not be controverted as thereinafter provided within twenty days after it was filed and a copy thereof served upon the plaintiff or his attorney, the court shall upon application of the garnishee enter judgment dis-

charging him. It is settled law in New Mexico that a proceeding in garnishment is wholly statutory, and that compliance with the applicable statutes is essential to confer upon the court jurisdiction of the res. Upjohn Co. v. Board of Commissioners, 25 N.M. 526, 185 P. 279. But no question is presented in respect to the sufficiency of the affidavit for the writ of garnishment, the regularity of the writ, the manner of service of the writ, or the acquisition of jurisdiction of the garnishee or of the res. The question is whether upon failure of plaintiffs to file a traverse of the answer of the garnishee within twenty days after the filing of such answer, it became the fixed and mandatory duty of the court, with no alternative available, to enter judgment discharging the garnishee. The statute does not undertake by its own terms to discharge the garnishee if no traverse is filed within the twenty-day period. It does not purport ipso facto to extinguish the force and effect of the writ or to relieve the garnishee from continued obedience to it. It is plain that under the statute the garnishee is discharged only by a judgment of the court. Until a judgment has been entered, the writ continues in force and effect and the garnishee is obligated to yield obedience to it. Viewed in the light of the textual content of the statute and the purpose it obviously was designed to accomplish, we are reluctant to believe that the legislature intended to absolutize its command to the extent of depriving the court of any discretionary power to extend the time within which a traverse of the answer of the garnishee may be filed. In the absence of any case by the Supreme Court of New Mexico deciding the point, we entertain the view that when the motion was made to discharge the garnishee the question whether the court should enter the requested judgment of discharge or enlarge the time within which to file a traverse was one of procedure to be determined by the court in the exercise of its sound judicial discretion, and that its action thereon should not be disturbed on appeal unless there was an abuse of discretion. Schmidt v. Blankschien, 235 Wis. 586, 294 N.W. 49; State Bank & Trust Co. v. W. O. Horn & Bro., Tex.Civ. App., 295 S.W. 698. And we think that there was no abuse of discretion.

The judgment against the garnishee is challenged upon the further ground that under its policy of insurance, the garnishee did not incur any liability for the defendant Carter or offer any protection to him which requires it to satisfy the judgment entered against him. To sustain the contention, the garnishee relies upon the provisions contained in the endorsement or rider attached to the policy to the effect that the insurance afforded by the policy shall not apply while the automobile is being operated outside the limits of any established military or naval reservation unless it is being operated by the named insured or his spouse, unless it is being operated by a garage or service station in connection with repairing and movements incidental to service and repair, or unless it is being operated by any other qualified operator while accompanied by the named insured or his spouse. It is the general rule that an endorsement or rider attached to an insurance policy becomes and forms a part of the contract; that the policy and the endorsement or rider shall be construed together; and that where the provisions in the body of the policy and those in the endorsement or rider are in irreconcilable conflict the provisions contained in the endorsement or rider will prevail over those contained in the body of the policy. Aetna Insurance Co. v. Houston Oil & Transport Co., 5 Cir., 49 F.2d 121, certiorari denied, 284 U.S. 628, 52 S.Ct. 12, 76 L.2d 535; Le Blanc v. American Employers' Insurance Co., 5 Cir., 155 F.2d 969; Lumbermen's Mutual Casualty Co. v. Sutch, 3 Cir., 197 F.2d 79; American Fidelity & Casualty Co. v. Bayshore Bus Lines, 5 Cir., 201 F.2d 148; Wyatt v. Wyatt, Minn., 58 N.W.2d 873.

The policy in question is a motor vehicle liability insurance policy. But it provides in clear terms that the insurance which it affords shall comply with

the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable with respect to any such liability arising out of the ownership, maintenance, or use of the automobile to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in the policy. By that provision the pertinent provisions of the New Mexico Motor Vehicle Safety Responsibility Act which is contained in sections 68–1007 to 68–1043, inclusive, New Mexico Statutes Annotated 1941, were effectively incorporated into the policy and the liability of the garnishee is the same as though the policy had been written under and in compliance with such act. Newton v. Employers Liability Assurance Corp., 4 Cir., 107 F.2d 164, certiorari denied, 309 U.S. 673, 60 S.Ct. 616, 84 L.Ed. 1018; New York Casualty Co. v. Lewellen, 8 Cir., 184 F.2d 891; Hartford Accident & Indemnity Co. v. Wolbarst, 95 N.H. 40, 57 A.2d 151; Traders & General Insurance Co. v. Pioneer Mutual Compensation Co., 127 Colo. 516, 258 P.2d 776; Landis, for Use of Talley v. New Amsterdam Casualty Co., 347 Ill.App. 560, 107 N.E.2d 187.

■ Section 68–1009 of the Motor Vehicle Safety Responsibility Act of New Mexico provides that whenever the commissioner of the motor vehicle department is required under any law of the state to suspend or revoke the operator's or chauffeur's license of any person, upon receiving record of the conviction of such person for any offense under the motor vehicle laws of the state, he also shall suspend any and all of the registration certificates and registration plates issued for any motor vehicle registered in the name of the person so convicted as owner, except that he shall not suspend such evidence of registration if such owner has previously given or shall within forty-five days give and thereafter maintain financial responsibility in the manner thereinafter specified in the act. Section 68–1010 provides that the commissioner also shall suspend the operator's and chauffeur's license, and all registration certificates or cards and registration plates issued to any person upon receiving authenticated report as thereinafter provided that such person has failed for a period of forty-five days to satisfy any final judgment for damages because of death, personal injury, or destruction of property arising out of the ownership, maintenance, use or operation of any motor vehicle. Section 68–1019 defines proof of financial responsibility to mean proof of ability to respond in damages not to exceed amounts therein specified for liability thereafter incurred resulting from the ownership, maintenance, use, or operation of a vehicle involved in an accident. Section 68–1020 provides that proof of financial responsibility when required under the act may be given by proof that a policy or policies of liability insurance have been obtained and are in full force and effect, or that a bond has been duly executed, or that a deposit has been made of money or securities as thereinafter provided, or that a certificate of self-insurance has been issued to the person by the commissioner of the motor vehicle department. Section 68–1024 provides that a motor vehicle liability policy, as such term is used in the act, shall mean an owner's or operator's policy of liability insurance, certified as provided in sections 14 and 16, §§ 68–1021, 68–1023, as proof of financial responsibility and issued by an insurance carrier duly authorized to transact business in the state to or for the person named therein as insured; and that such policy shall meet the requirements set forth in the section. And one of such requirements is that the policy shall insure as insured the person named in the policy and any other person using or responsible for the use of such motor vehicle or motor vehicles with the consent, express or implied, of the named insured. Section 68–1025 provides that no motor vehicle liability policy or operator's policy shall be issued or delivered in the state unless and until there has been full compliance with the requirements contained in the section. And one of the requirements contained in the section is that

whether or not such a policy contains a provision to that effect, the liability of the company thereunder shall become absolute whenever loss or damage covered by the policy occurs, and that the satisfaction by the insured of a final judgment for the loss or damage shall not be a condition precedent to the duty of the insurance carrier to make payment on account of such loss or damage. The purpose of the Act is to provide protection to the public from injury and damage resulting from the operation of motor vehicles upon the public highways. The intended beneficiaries are the members of the general public who may be injured in automobile accidents. The Act represents the considered public policy of the state. And it should be given a liberal construction to accomplish the intended objective. Newton v. Employers Liability Assurance Corp., supra; New York Casualty Co. v. Lewellen, supra; Hartford Accident & Indemnity Co. v. Wolbarst, supra; Landis, for Use of Talley v. New Amsterdam Casualty Co., supra.

■ The Financial Responsibility Act, supra, does not undertake to exert any statutory influence or compulsion upon all motorists to have and maintain proof of financial responsibility in compliance with its provisions. Its statutory influence or compulsion is exerted only upon motorists who have been involved in accidents or who fail to pay judgments rendered against them for damages resulting from the use and operation of motor vehicles. And it exerts influence or compulsion upon such motorists by denying to them driving privileges, registration certificates, or plates unless and until they have and maintain such proof of financial responsibility. There is no suggestion that Isdonas had been involved in a motor vehicle accident, or that he had failed to pay a judgment rendered against him for damages arising out of the use and operation of a motor vehicle. Therefore, he was not required by the law of New Mexico to have and maintain proof of financial responsibility. And there was no requirement in the law of the state that the liability insurance policy issued to him provide that the insurance should comply with the provisions of the motor vehicle financial responsibility law of any state which should be applicable with respect to such liability. But the provision to that effect was voluntarily inserted in the policy with binding force and effect. It made the policy conform to the Act. It imported into the policy the pertinent provisions of the Act. The Act provides that a policy issued under its terms shall insure as the insured the person named therein and any other person using or responsible for the use of such motor vehicle with the consent express or implied of the named insured. And it provides that under a policy issued pursuant to the Act, the liability of the company shall become absolute whenever loss or damage covered by the policy occurs and that the satisfaction by the insured of a final judgment for the loss or damage shall not be a condition precedent to the duty of the carrier to make payment on account of such loss or damage. At the time of the accident in which plaintiffs sustained injuries, the defendant Carter was using and operating the automobile with the consent of Isdonas. A valid judgment was rendered against the defendant Carter for such personal injuries. The judgment has not been paid. And under the policy with the provisions of the Act incorporated therein, the liability of the garnishee to pay plaintiffs the amount of such judgment is absolute.

The judgment is affirmed.