# Authority of Indian Tribal Court to Issue Garnishment Writs Under 42 U.S.C. § 662(e)

An Indian tribal court is a "court of competent jurisdiction" for purposes of issuing garnishment writs under 42 U.S.C. § 662(e), if it has the power under tribal law to issue judgments awarding child support or alimony.

February 28, 1980

## MEMORANDUM OPINION FOR THE ASSOCIATE GENERAL COUNSEL, OFFICE OF PERSONNEL MANAGEMENT

This responds to your request for our opinion whether the Yakima Indian Nation Tribal Court is a "court of competent jurisdiction" for purposes of 42 U.S.C. § 662(e), as implemented by the Office of Personnel Management's proposed regulations. 44 Fed. Reg. 60301 (1979) (to be codified in 5 C.F.R. 581.101–581.501). In our opinion, a tribal court that establishes garnishment procedures may qualify as a court of competent jurisdiction if it had the power to issue the underlying judgment awarding child support or alimony. Absent the facts of a particular case, we do not decide whether any particular tribal court is a "court of competent jurisdiction."

In 1975, Congress waived the sovereign immunity of the United States in proceedings for enforcement of writs of garnishment ·issued to enforce orders for child support or alimony. Pub. L. No. 93–647, § 101(a), 88 Stat. 2357, 42 U.S.C. § 659. Prior to that Act, the pay of federal employees was not subject to attachment for purposes of enforcing court orders, including orders for child support and alimony. *See Buchanan* v. *Alexander,* 45 U.S. (4 How.) 20 (1846); *Applegate* v. *Applegate,* 39 F. Supp. 887, 889–90 (E.D. Va. 1941). Reflecting the "importance the Congress attributes to support payments," a bill recommended by the Senate Committee on Finance in 1975 provided that the money "based upon remuneration for employment" of federal employees, including military personnel, would be subject to garnishment in support and alimony cases. S. Rep. No. 1356, 93d Cong., 2d Sess. 53–54 (1974). The conference committee adopted this language. H.R. Rep. No. 1643, 93d Cong., 2d Sess. 23 (1974). As enacted, this provision states:

> Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or

payable by, the United States (including any agency or instrumentality thereof and any wholly owned Federal corporation) to an individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments.

42 U.S.C. § 659. "Legal process" was not defined in the Act.

In 1977, Congress clarified this law by authorizing the issuance of regulations to administer the law, providing specific conditions and procedures, and defining the terms used in the garnishment statute. 42 U.S.C. §§ 661-662. *See* H.R. Rep. No. 263, 95th Cong., 1st Sess. 35 (1977). It defined legal process as follows:

The term "legal process" means any writ, order, summons, or other similar process in the nature of garnishment, which—

(1) is issued by (A) a court of competent jurisdiction within any State, territory, or possession of the United States, (B) a court of competent jurisdiction in any foreign country . . . , or (C) an authorized official pursuant to an order of such a court of competent jurisdiction or pursuant to State or local law, and

(2) is directed to, and the purpose of which is to compel, a governmental entity, which holds moneys which are otherwise payable to an individual, to make a payment from such moneys to another party in order to satisfy a legal obligation of such individual to provide child support or make alimony payments.

42 U.S.C. § 662(e) (1976 ed., Supp. IV 1980). The question posed is whether an Indian tribal court is a "court of competent jurisdiction" for the purposes of this section.

Garnishment is a purely statutory proceeding. *See, e.g., Farmers Ins. Exchange* v. *Ledesma,* 214 F.2d 495, 497–98 (10th Cir. 1954); *Mahomet* v. *Hartford Ins. Co.,* 3 Wash. App. 560, 477 P.2d 191 (1970). The federal statute allowing garnishment of federal wages does not create a right of action, it merely waives sovereign immunity and allows enforcement pursuant to laws governing the court in question. *Kelley* v. *Kelley,* 425 F. Supp. 181, 183 (W.D. La. 1977); *Harris* v. *Harris,* 40 N.C. App. 26, 252 S.E.2d 95, 96–97 (1979). Accordingly, it has been held that a right to subject an employee's wages to the claims of the plaintiff must exist under state law. *Diaz* v. *Diaz,* 568 F.2d 1061, 1063 n.1 (4th Cir. 1977). A tribal court can be a court of competent jurisdiction for

451

purposes of issuing garnishment writs, therefore, only if tribal law creates a right of garnishment.

A writ of garnishment for purposes of § 659 must be based on a valid judgment that the funds are due and owing to the plaintiff. Accordingly, the court issuing the underlying judgment must have had both subject matter jurisdiction and personal jurisdiction over the parties. It is clear that many tribal courts, including the Yakima Indian Nation Tribal Court, are courts of competent jurisdiction in domestic relations cases. *Confederated Tribes and Bands of the Yakima Indian Nation* v. *Washington,* 608 F.2d 750, 752 (9th Cir. 1979). It has been held that the power to regulate the domestic relations of its members is among the powers which tribes possess by virtue of their quasi-sovereign status. *See Fisher* v. *District Court,* 424 U.S. 382, 390 (1976); *United States* v. *Quiver,* 241 U.S. 602, 603–04 (1916); *Conroy* v. *Conroy,* 575 F.2d 175, 181–82 (8th Cir. 1978). In *Fisher,* the Court ruled that tribal jurisdiction over a proceeding for adoption, by Indians, of a son of Indian parents, where all parties resided on the reservation, was exclusive. 424 U.S. at 389. In *Santa Clara Pueblo* v. *Martinez,* 436 U.S. 49, 65 (1978), the Court noted that tribal courts have repeatedly been recognized as appropriate forums for the exclusive adjudication of disputes affecting important personal and property interests of both Indians and non-Indians.

In light of these holdings, it must be recognized that many tribal courts are courts of competent jurisdiction for purposes of alimony and child support decrees. The federal garnishment statute, which defines "child support" and "alimony," refers to judgments "issued in accordance with applicable *State* law by a court of competent jurisdiction." 42 U.S.C. § 662(b) and (c) (1976 ed., Supp. IV 1980) (emphasis added). We do not read this definition to exclude tribal court judgments, however. There is no evidence that Congress meant to exclude tribal law. The committee reports cited above do not discuss the question of tribal court jurisdiction. It is likely that the issue simply did not arise. The intent of the law, however, was to remove a barrier against garnishment of federal wages where a valid judgment decreed that alimony or child support was due. *See* S. Rep. No. 1356, 93d Cong., 2d Sess. 53–54 (1974). It would defeat the intent of the law, and undermine the integrity of tribal court judgments, to refuse to recognize them as valid judgments under the garnishment statute.

In sum, we see no legitimate basis either for denying the benefits of the federal wage garnishment law to Indian litigants or for requiring them to seek a garnishment writ in state courts. If the tribal court had jurisdiction over the underlying suit, and if a garnishment right is created by tribal law, then the tribal court should be considered a court of competent jurisdiction for purposes of 42 U.S.C. § 662(e) (1976 ed., Supp. IV 1980).

452

We note that we do not intend to suggest that the federal garnishee or its agents must examine the jurisdictional basis for the underlying judgment. Section 659(f) provides:

> Neither the United States, any disbursing officer, nor governmental entity shall be liable with respect to any payment made from moneys due or payable from the United States to any individual pursuant to legal process regular on its face, if such payment is made in accordance with this section and the regulations issued to carry out this section.

Federal courts have refused to entertain suits against federal defendants filed by plaintiffs alleging that the defendants recognized invalid state court judgments. *Overman* v. *United States*, 563 F.2d 1287, 1291–92 (8th Cir. 1977) (held that waiver of sovereign immunity did not include suit against United States to challenge validity of garnishment based on allegedly fraudulent divorce decree); *Jizmerjian* v. *Department of the Air Force*, 457 F. Supp. 820, 823–24 (D.S.C. 1978) (held that 42 U.S.C. § 659(f) insulates the United States from suit challenging garnishment based on allegedly invalid alimony decree). If the garnishment is pursuant to "legal process regular on its face," and the federal statute and regulations are followed, you need inquire no further.

Leon Ulman
*Deputy Assistant Attorney General*
*Office of Legal Counsel*